TRUMBULL v. CHESAPEAKE & O. R. CO. (Supreme Court, Appellate Term, First Department. November 25, 1896.) Action by Anna Trumbull against the Chesapeake & Ohio Railroad Company. John C. Kennedy, for appellant. Henry L. Sprague and Stetson, Tracy, Jennings & Russell, for respondent.

DALY, P. J. This was an action by a passenger on defendant's railroad to recover for diamond jewelry alleged to have been contained in her trunk when it was checked from Denver to Cincinnati, from Cincinnati to Covington, and from the latter place to Hot Springs, in Virginia, and to have been lost or abstracted on the way. It was incumbent upon the plaintiff to satisfy the trial court that the jewelry was placed in the trunk before it was delivered to the defendant. Her only proof was her own unsupported testimony, and the justice seems to have found there was not a preponderance in her favor, considering the facts of the case and the proof adduced by the defendant. She described the trunk and the way it was packed at Denver. It was a willow trunk with a leather covering, the top of which, when closed, rested flush upon the other part, and it was strapped with five straps,—two large ones over it, and three small ones in front,—and was locked and sealed. The diamonds, being a pin and a ring valued at $250, which the plaintiff had formerly carried on her person in her dress, but which, owing to the heat of the weather, she resolved at Denver to carry in her trunk, were placed by her in a box made of wood and pasteboard, in which she carried her lorgnette. The box was about a foot long, four inches deep, and four inches wide, filled with cotton. This box she rolled in some white skirts, making a bundle about sixteen inches long and eight inches through, and put it in the middle, with clothing around it, the whole covered with a basket, which set in the trunk like a tray, and covered all but a little space. This trunk was left by her at the railroad depot at Cincinnati for a space of two days, while she stopped at an hotel, was then checked to Covington, where it was left over night at the railroad depot, and was checked the next morning to the Hot Springs. At that time the plaintiff saw it at the depot, and noticed that the lock and catch were broken, the leather covering of one end torn off, and the contents visible for a space of about an inch between the cover and the trunk. In this condition, the plaintiff permitted it to be taken to the Hot Springs, where she examined it at the railroad depot in the presence of the company's agent, and found the box gone, although the skirts in which it had been wrapped were there. This was the plaintiff's testimony. On defendant's behalf it was shown by one agent that the wickerwork of the side was not broken, only the leather cover was torn, so that the box could not have slipped through the side. By another agent it was stated that the lock and seal were intact at the Hot Springs; that the plaintiff opened it with a key; that there was but one skirt in which plaintiff claims she had put the box, which skirt was on top of the basket, and not underneath it. This agent stated that there was space enough between the lid and the trunk for a box ten inches long and four inches wide to fall through, but he evidently had in mind the kind of box the plaintiff described to him at the time, viz. one two inches thick, a description differing from that which the plaintiff gave upon the trial. The plaintiff was thus contradicted in more than one particular, but chiefly as to the manner in which her trunk was packed, and as to the breaking of the lock. The former was a matter as to which she could hardly be mistaken, viz. the precautions taken by her to secure her jewelry, and the latter was a matter of very great importance, since, if the lock was not broken, it is difficult to believe that the lid of the trunk could be so forced from the body that a box four inches thick could be abstracted or could slip from the covering of skirts, placed under a basket which covered nearly the whole interior of the trunk. It was a circumstance, of course, to be considered by the justice, that the plaintiff treated the trunk as if its contents were of little value, since, when she discovered it, as she describes, "dilapidated," at the railway station, she took no precautions to secure it, nor to assure herself of the safety of its contents, but permitted it to be transported further by rail in that condition. As we have stated, it was for the justice to determine whether the preponderance of evidence was on the side of the plaintiff, and we are not justified in disturbing his verdict upon a question of fact which was quite within his province to decide. Judgment affirmed, with costs.

TRUSTEES OF FREEHOLDERS AND COMMONALTY OF TOWN OF SOUTHAMPTON, Appellants, v. BETTS et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by the trustees of the freeholders and commonalty of the town of Southampton against Frederic H. Betts and St. Andrews Dune Church. No opinion. The court being unable to decide this case, reargument is ordered, and it is transferred to the First department.

TULLY, Respondent, v. NEW YORK & T. S. S. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by Michael Tully against the New York & Texas Steamship Company. No opinion. Motions for reargument and for leave to appeal to the court of appeals denied. Proceedings of the plaintiff stayed for 10 days. See 42 N. Y. Supp. 29.